UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 95-2092

 EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

 Plaintiff, Appellee,

 v.

 COMMONWEALTH OF MASSACHUSETTS, ET AL.,

 Defendants, Appellants.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Rya W. Zobel, U.S. District Judge] 

 

 Before

 Selya, Cyr and Boudin,

 Circuit Judges. 

 

Pierce O'Cray, Assistant Attorney General, Government Bureau, 
with whom Scott Harshbarger, Attorney General, was on briefs for 
appellants.
Samuel A. Marcosson, with whom C. Gregory Stewart, General 
Counsel, Gwendolyn Young Reams, Associate General Counsel, and Vincent 
J. Blackwood, Assistant General Counsel, were on brief for appellee. 

 

 March 11, 1996
 

 Per Curiam. Chapter 32 of the Massachusetts General 

Laws establishes the Commonwealth's statutory retirement

benefit plan for its state and local employees. Section

3(2)(f) of that chapter provides that "[n]o person who enters

or who re-enters the service of any governmental unit as an

employee after attaining age sixty-five, and after the date

when a system becomes operative therein, shall become a

member except as otherwise provided for in this section."

This provision generally prevents state and local employees

hired after age 65 from participating in any public employee

retirement system in Massachusetts. Francis C. Coolidge, a

part-time employee of the Town of Tewksbury who was denied

membership in the Middlesex County Retirement System, filed

charges challenging section 3(2)(f) before the Equal

Employment Opportunity Commission ("EEOC").

 In due course the EEOC itself sued the Commonwealth and

the Middlesex County Retirement System in the district court,

claiming that section 3(2)(f) violates and is preempted by

the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.

 623(a)(1) et. seq. Both sides moved for summary judgment; 

the district court granted the EEOC's motion, ruling that

section 3(2)(f) ran afoul of 29 U.S.C. 623(a)(1), which

makes it illegal for an employer to "discriminate against any

individual with respect to his compensation, terms,

conditions, or privileges of employment, because of such

 -2- -2-

individual's age." The Commonwealth now appeals.

Although the state statute plainly discriminates on the basis

of age regarding benefits of employment, the Commonwealth

argues that the Massachusetts statute is shielded by 29

U.S.C. 623(f)(2)(B)(i), which permits an employer to

differentiate on the basis of age "where for each benefit or

benefit package, the actual amount of payment made or cost

incurred on behalf of an older worker is no less than that

made or incurred on behalf of a younger worker as permissible

under section 1625.10, title 29, Code of Federal Regulations

(as in effect June 22, 1989)." The Commonwealth claims that

this provision effectively codifies a subsection of the cited

regulation, 29 C.F.R. 1625.10(f)(1)(iii)(A) (1989), which

allowed an employer to exclude from a retirement plan an

employee who begins work after normal retirement age. 

 As a matter of ordinary grammar, the statutory exception

relied on by the Commonwealth does not protect section

3(2)(f) because the Commonwealth concededly does not incur

costs on behalf of workers excluded from the pension system

at least equal to the costs incurred on behalf of younger

workers. The plain language of section 623(f)(2)(B)(i) makes

clear that it incorporates only those elements of the cited

regulation that conform to this equal cost/equal benefit

principle. The Commonwealth's argument that the statutory

provision incorporates the regulation wholesale, even

 -3- -3-

portions of it--like 29 C.F.R. 16256.10(f)(1)(iii)(a)--that

are plainly inconsistent with the equal cost/equal benefit

principle, simply cannot be squared with the statutory

language.

 If legislative history is consulted, it too supports the

EEOC and not the Commonwealth. As the district court

observed, Congress enacted the current version of section

623(f) in response to the Supreme Court's decision in Public 

Employees Retirement Sys. v. Betts, 492 U.S. 158 (1989), 

which determined that the ADEA did not apply to fringe

benefits. Congress then amended the statute to reinstate the

equal cost/equal benefit rule and to ensure that the ADEA

applied to age-based discrimination in benefit plans. S.

Rep. No. 263, 101st Cong., 2d Sess. 18 (1990), reprinted in 

1990 U.S.C.C.A.N. 1509, 1523. This Senate report said

explicitly that Congress intended to incorporate only those

portions of the regulation consistent with the amended

statute. Id. 

 The Commonwealth argues that because the ADEA here would

preempt a state statute, we must apply a "clear statement"

rule of interpretation, e.g., Gregory v. Ashcroft, 501 U.S. 

452 (1991), and resolve in favor of the Commonwealth any

doubts about whether Congress intended to incorporate 29

C.F.R. 1625.10(f)(1)(iii)(a). The EEOC plausibly responds

that the clear statement rule applies only in deciding

 -4- -4-

whether the state is governed by the ADEA and not to

questions concerning the substantive reach of the ADEA,

questions whose answer affects public and private employers

alike. Although this precise question may not have been

decided, we have been very hesitant in closely related

contexts to extend the clear statement rule beyond its core

application. See Gately v. Commonwealth of Massachusetts, 2 

F.3d 1221, 1230 (1st Cir. 1993); see EEOC v. Commonwealth of 

Massachusetts, 987 F.2d 64, 68-70 (1st Cir. 1993). 

 In all events, the meaning of the provision in this case

is clear enough once the technical jargon is unraveled. The 

statute adopts an equal cost/equal benefit test for

differentiations "as permissible" under the cited regulation,

and no one claims that the Commonwealth's flat bar conforms

to any equal cost/equal benefit test. Thus, whether a 

particular equal cost/equal benefit differential would be

"permissible" under the regulation does not even arise. The

subject matter is complex but complexity is not the same

thing as ambiguity. Affirmed. 

 -5- -5-